THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO PEARSON and ) | |
| CLARISSA PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15cv079-WKW-WC |
| ) | |
| JUDGE BILL FILLMORE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for review of Plaintiffs' Complaint (Doc. 1) pursuant to the provisions of 28 U.S.C. § 1915(e). The District Judge referred this case to the undersigned Magistrate Judge for "entry of any orders or recommendations as may be appropriate." Order (Doc. 3). After a review of the complaint, and for the reasons that follow, the undersigned RECOMMENDS that the complaint be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii).

**I.   BACKGROUND**

Plaintiffs, proceeding *pro se*, filed the complaint in this matter on January 28, 2015. Plaintiffs are very familiar to this court, having filed or improperly removed numerous actions in this court in the last few years. Indeed, Plaintiffs assert that "[c]learly our job is pro se litigants[,]" which, though it has not proven financially

lucrative for Plaintiffs, they nevertheless find "rewarding."  Pls.' Mot. (Doc. 2-1) at 1.  Plaintiffs' enthusiastic embrace of this litigiousness, coupled with their demonstrated ignorance of the law as exemplified by their repeated filings of frivolous lawsuits and improper removals of state court actions, recently spurred Chief United States District Judge Keith Watkins to enter an order enjoining Plaintiffs from further filing direct actions or removals from the state courts without first submitting those actions for pre-filing screening by the Chief Judge.  *See* Order (Doc. 12) at 5-9, *The Comm. Bank of Ozark v. Pearson, et al.*, Civ. Case No. 1:15-cv-073-WKW-SRW (entered June 10, 2015).[1]

Because the instant action preceded the Chief Judge's recent injunctive Order, the undersigned Magistrate Judge will endeavor to discharge the screening required by § 1915(e) in the first instance.  Having reviewed the complaint, it is apparent that it is yet another instance in which Plaintiffs have filed a federal lawsuit with no basis in the law and, therefore, is due to be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii) because Plaintiffs' suit is frivolous and they have failed to state any claim upon which relief could be granted.

With the instant complaint, Plaintiffs purport to sue a state court circuit judge, the State of Alabama, and their perceived longtime nemesis, the Commercial Bank of

---

[1]  In his order, Chief Judge Watkins specifically identified seven cases improperly removed to this Court by Plaintiffs.  *See* Order (Doc. 12) at 5-6, *The Commercial Bank of Ozark v. Lorenzo Pearson and Clarissa Pearson*, Civ. Case No. 1:15-cv-073-WKW (entered June 10, 2015).  Pointedly, Chief Judge Watkins found that "Lorenzo Pearson and Clarissa Pearson have abused process by repeatedly removing cases to federal court on the basis of arguments that are patently frivolous and violative of their Rule 11 certifications."  *Id.* at 8.

Ozark.[2]  The instant complaint, though once again stemming from Plaintiffs' state court activities, does not appear to concern Plaintiffs' claim of ownership of land which was foreclosed upon, or Plaintiffs' claim that the Commercial Bank of Ozark is barred from ejecting them from the land, or whether the Town of Ariton has effected an unconstitutional taking by improving land which is the subject of an easement it obtained from the Bank.  Rather, the instant action appears to concern state court Circuit Judge Bill Fillmore's ruling denying Plaintiffs leave to "file indigent" because, according to Plaintiffs, Judge Fillmore was more concerned with protecting the State's budget than upholding their right to a jury trial despite that they are "indisputably indigent and in poverty."  Compl. (Doc. 1) at 1.  Plaintiffs further appear to allege that Judge Fillmore's ruling was upheld on appellate review in the state courts.  *See id.* ("This action has been backed by all levels of state court."); *id.* ("After failed appeals for this right . . ."). Accordingly, Plaintiffs "request [this] court to enjoin this action . . . [and] prohibit further action of this court in this manner."  *Id.*  Plaintiffs also appear to request that the court somehow stay proceedings in an ongoing state court case.  *Id.* at 4 ("[U]nder the premises herein the Plaintiffs are entitled to a stay of the action in state court for a clear state law if

---

[2]  Most of Plaintiffs' suits or state court removals relate in some way to Plaintiffs' contention that they own land which was foreclosed upon by the Commercial Bank of Ozark several years ago.  In a nutshell, Plaintiffs appear to believe that the Bank waived and is barred from asserting any claim of ejectment against them, which the Bank apparently has done in the state courts, because the Bank did not assert such claim as a compulsory counterclaim in a prior state court action brought by Plaintiffs.  Plaintiffs' theory has apparently gained little traction in state court, and they have therefore made numerous improper attempts in the ensuing years to obtain a federal adjudication of their claim of ownership, as well as a federal court repudiation of prior state court proceedings and a federal forum for the many constitutional violations they perceive as a product of their multi-year legal odyssey in the state and federal courts.

accepted under the current rulings, violations the United States Constitution under the circumstances.").

## II.     PLAINTIFFS' CLAIMS

Plaintiffs assert the following as separately numbered causes of action:

a.     "COUNT ONE ENJOIN STATE ACTION CV-2014-900012 UNDER JUDGE BILL FILLMORE FOR HIS ACTION THAT PRESENTS A CONSTITUIONAL RIGHT THAT HAS BEEN VIOLATED BY STATE STATUE [sic] OF WHICH THIS STATE HAS NO REMEDY OR HAS FAIL TO RESOLVE" (Compl. at 4-7);

b.     "COUNT TWO PERMANENT INJUNCTION CV-900012 THAT THE COURT MUST CONSIDER THE ENTIRE STATUE [sic] OF STATE LAW AS A WHOLE TO PROTECT CONSTITUIONAL RIGHTS" (Compl. at 8-10);

c.     "COUNT THREE FAILURE OF EQUAL PROTECTION UNDER THE 5TH AMENDMENT OF THE U.S.C." (Compl. at 10-11); and

d.     "COUNT FIVE[3] U.S.C. 42 § 1981 AND 1983 CIVIL RIGHTS VIOLATION" (Compl. at 11-14.

---

[3]  Although Plaintiffs do not present a "COUNT FOUR" in their original complaint, apparently skipping from "COUNT THREE" to "COUNT FIVE," on March 11, 2015, Plaintiffs filed a "MOTION TO AMEND COMPLAINT" (Doc. 4) which specifically references "28 U.S.C § 1981, 82, and 83" and seeks to amend the complaint to add a claim styled "CAUSE OF ACTION COUNT FOUR BASED ON THE ABOVE STYLED STATUTES." Pls.' Mot. Am. (Doc. 4) at 1. The undersigned will address this motion, and the underlying "COUNT FOUR" elsewhere in this Recommendation.

**IV.   DISCUSSION**

Plaintiffs have requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which obligates the court to undertake review of their complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).  For the reasons that follow, the undersigned finds that Plaintiffs' complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii) because Plaintiffs' complaint is frivolous and Plaintiffs have failed to state any claim upon which relief could be granted.

The undersigned begins with a discussion of the standards to be applied when assessing the sufficiency of Plaintiffs' pleadings for purposes of § 1915(e).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). In order to survive scrutiny under § 1915(e), then, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Accordingly, Plaintiffs' complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive § 1915(e) review. As set out below, the undersigned concludes that the complaint fails to withstand such scrutiny.

As discussed previously, the substance of Plaintiffs' complaint concerns a state court judge's ruling on, in essence, Plaintiffs' motion for leave to proceed *in forma pauperis* in the state court, as well as the state appellate courts' apparent decisions

6

upholding the ruling of the lower court. The tenor of Plaintiffs' complaint vacillates between appearing to lodge some challenge to Judge Fillmore's conduct in rendering his decision,[4] to perhaps intending to launch a more broad challenge to the state statute, Ala. Code. § 12-19-70, which authorizes initial waiver of a civil filing fee for plaintiffs for whom "payment of the fee will constitute a substantial hardship."[5] In any respect, what is abundantly clear, no matter how Plaintiffs' complaint is construed, is that the complaint is frivolous and that Plaintiffs have failed to state any claim upon which relief could be granted as to any of the Defendants named in their suit.

To begin with, the only viable mechanism for obtaining the relief Plaintiffs seek in this court is 42 U.S.C. § 1983, which provides a right of action for persons seeking redress for violations of their rights secured by the Constitution and federal laws committed by "persons" acting under color of state law. Thus, to the extent Plaintiffs indeed intend to sue "The State of Alabama," as is articulated in the caption on the face of the complaint, Plaintiffs have failed to state any claim upon which relief could be granted because there are no factual allegations in the complaint plausibly alleging any claim against the State and, more importantly, the State of Alabama is not a "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment

---

[4] *See, e.g.,* Compl. at 3 ("Similarly in sum, when judges of this state are sworn to act uniformly and uphold state law, they can not use individual power to allow some the same or similar relief as requested under a guided statue [sic] of state law, without given the same as to others under the same circumstances, and if not, then this judge has fail equal protection.").

[5] *See, e.g.,* Compl. at 2-3 ("The argument here is not whether the courts denied waving filing fees but can the statue [sic] violate be ignored or violate a constitutional right(s). The state statue [sic] is inadequate to protect those constitutional rights in the current proceeding before the court when the states authority is unbridled to deny any one, no matter what.").

barring a waiver of such immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989), and, in fact, Alabama has effected no such waiver of its immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).

Plaintiffs also purport to sue The Commercial Bank of Ozark. However, the Bank also is not a "person" within the meaning of § 1983 and, furthermore, is in fact a private entity, which generally are not "state actors" subject to suit under § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). More importantly, however, the complaint makes no plausible allegations of any wrongdoing by the Bank. The Bank is not responsible for Judge Fillmore's purported unlawful ruling and is not responsible for any constitutional infirmity Plaintiffs attribute to the statute applied by the state courts. Nor could the injunctive relief requested by Plaintiffs have any bearing or application on the Bank. As such, Plaintiffs have failed to state any claim upon which relief could be granted against the Bank.[6]

Stripped of the two Defendants against whom Plaintiffs cannot allege any viable cause of action under § 1983, the only remaining Defendant named in the complaint is a state court judge, Circuit Judge Bill Filmore. Section 1983 specifically limits suits for injunctive relief against state judicial officers. The statute forbids a federal court to grant injunctive relief against a state judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiffs' complaint makes no allegations

---

[6] The complaint appears to assert that the Bank should be joined as a Defendant "Under ARCP 19 real party in interest," Compl. at 1, but nothing in that state rule of procedure—which is inapplicable in this federal court matter—or in the Rule's federal equivalent, Fed. R. Civ. P. 19, supports somehow joining the Bank as a defendant in this matter.

supporting any conceivable finding that either of these two prerequisites could be met. Accordingly, Plaintiffs have failed to state any viable claim for injunctive relief against Judge Filmore.

Even if Plaintiffs could surmount this dispositive hurdle, however, the complaint would still be subject to summary dismissal as to Judge Filmore because this court would lack subject matter jurisdiction over the complaint. As discussed above, Plaintiffs' complaint makes clear that Plaintiffs are complaining about a state court decision that was disfavorable to them and, moreover, was upheld through all levels of appeal in the state courts. In other words, they are state court losers seeking a federal court decision which would overturn or undermine the state court decision(s) about which they complain. This is the *sine qua non* of preclusion under the *Rooker-Feldman* doctrine.

> *Rooker–Feldman* is a narrow preclusion doctrine that bars a state court loser from later enlisting a federal district court to reverse his state court loss. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It arises from the fact that the only federal court empowered to review final state court judgments is the Supreme Court of the United States. 28 U.S.C. § 1257(a); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). District courts, as courts of "original jurisdiction," lack any such appellate jurisdiction over state courts. *See id.* § 1331.
>
> The Supreme Court has limited *Rooker–Feldman* to those cases in which (1) the plaintiff was the loser in state court, (2) the plaintiff is complaining of an injury caused by the state court's judgment, (3) the state court's judgment was "rendered before the district court proceedings commenced," and (4) the plaintiff is "inviting district court review and rejection" of the state court's judgment. *Exxon Mobil*, 544 U.S. at 284. Further, the doctrine applies only to claims that were actually brought in state court or claims that are "inextricably intertwined" with the state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks omitted). A claim is "inextricably intertwined" with the state court judgment "if it

would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (citations and quotation marks omitted).

*Scott v. Frankel*, 606 F. App'x 529, 531 (11th Cir. 2015) (unpublished decision). Here, whatever pretense the complaint arguably indulges that it presents a challenge to a state statute rather than a state court decision, there is no doubt that, repeatedly, the complaint complains about the state courts' supposed ignoring of the plain terms of a state statute and, repeatedly, invites this court to reject the state courts' decisions and enjoin the state courts from making similar rulings in the future.[7] This court may not do so. Instead, Plaintiff's only federal remedy for any perceived constitutional violation inhering in the state courts' decisions was to appeal those decisions to the United States Supreme Court.

Having determined that Plaintiffs' complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii), the undersigned turns to the motion to amend filed by Plaintiffs

---

[7] *See* Compl. (Doc. 1) at 1 ("The Plaintiffs see a violation of the federal constitution right where ignoring the state statue, fail their right to a jury trial under the 7th Amendment[.]"); *id.* ("The only remedy to this issue is to request a court to enjoin this action to protect a state budget while ignoring state statue and while denying federally protected rights . . . . Similarly, the Plaintiff request the court to prohibit further action of this court in this manner."); *id.* at 2 ("The court never made a determination of the bases of the statute, this deprived the Plaintiffs of due process. Therefore being this state has approved the lower courts decision even while contrary to their own under the same circumstances, they have mandated state statue when constitutional rights are at issue. The upper state courts has approved the statue concerning the state courts action, therefore the Plaintiffs are barred from challenging their issue in state court."); *id.* at 4 ("Therefore if no one will be granted filing fees and the statue mandated this way in totality as to these actions, then the Court has stated it will not allow the statue to take its full course of statutory intent even when constitutional guarantees are at bar, a jury trial, or equal protection."); *id.* at 7 ("This court has the authority to enjoin and stay a state action based on a state action of law that violates federal constitutional right(s)."); *id.* at 8 ("It's clear by the order of the state court it did not consider the statute at all."); *id.* at 13 ("The judges action based on the state budget is directly contrary to any reading of the statue and what it contemplates."); *id.* ("When a statue is misinterpreted its one thing but when it is totally ignored it presents a failure of due process for those who needed to use it."); *id.* ("The judges action to ignore the statue of state law and backed by this state concerning the Plaintiffs request is a direct violation of their civil rights to due process."); and *id.* at 14 ("[U]nder the premises the Plaintiffs request relief that this court enjoin this action, stay the state court proceedings, prohibit the Courts action in this manner, and reestablish any relief of which the Plaintiffs are due under the circumstances.").

seeking to add "COUNT FOUR." In essence, the motion to amend seeks to add a claim that Judge Filmore violated Plaintiffs' due process and equal protection rights when, on January 5, 2015, at a status conference, he "disposed of our issue without allowing or any suggestion we could respond." Pls.' Mot. (Doc. 4) at 1. Plaintiffs assert that Judge Filmore's actions were racially animated because he allowed white lawyers appearing before him to address him before he disposed of their issues. *Id.* They maintain they were "ready to respond to our motion to dismiss and that we wanted a hearing." *Id.*[8] They assert that Judge Filmore's summary denial of their motion somehow violates procedural due process because it has the effect of "dragging" them "into a trial while using racial disparity treatment to include when a trial is not due." *Id.* at 3.

Plaintiffs' proposed "COUNT FOUR" is frivolous. There is no due process or equal protection right to receive a hearing on a frivolous motion to dismiss filed in state court. Moreover, the relief Plaintiffs seek, an injunction instructing Judge Filmore that he is "prohibited from such acts or any appearance of such in the future," Pls.' Mot. (Doc. 4) at 4, is too vague, is not permitted under § 1983 for the reasons discussed earlier in this Recommendation, and, above all else, offends comity. *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). Plaintiffs' motion for leave to amend the complaint is therefore due to be denied because Plaintiffs' proposed amendment is futile.

---

[8] They clarify that at the hearing before Judge Filmore they intended to present the waiver and compulsory counter claim argument as to The Commercial Bank of Ozark's claim of ejectment against them which is alluded to earlier in this Recommendation and discussed more thoroughly in the undersigned's Recommendation in *Pearson, et al., v. The Commercial Bank of Ozark, et al.*, Civ. Case No. 1:14-cv-1250-MHT-WC. *See* Pls.' Mot. (Doc. 4) at 2-4.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS as follows:

a. that Plaintiffs' complaint be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

b. that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be GRANTED; and

c. that Plaintiffs' motion to amend (Doc. 4) their complaint be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 26, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE